## CEDARTOWN LAND IMPROVEMENT CO. *v.* CHEROKEE LAND AND IMPROVEMENT COMPANY, for use.

*Simmons, C. J.*—1. An action upon promissory notes for the purchase money of land held by the defendant under a bond for titles from the plaintiff, in which action the plaintiff prayed for a general judgment against the defendant and also for a special judgment against the land itself, having been settled by the parties without the knowledge or consent of the plaintiff's attorneys, and these parties having thereafter entered into an agreement in writing reciting that the plaintiff's attorneys are "moving the court to carry on the case for the *recovery of their* fees," and stipulating that "the law and facts be submitted to and passed upon by the judge without the intervention of a jury, and that said judge do pass judgment adjudicating the question of the said claim of attorney's fees," and the judge having thereupon adjudicated that the original plaintiff, for the use of the attorneys, do recover of the original defendant a stated sum and also that the same be made "generally of the property of the defendant and especially of and with special lien on the property described in the declaration," this judgment, the same never having been excepted to nor set aside, was binding upon both of the original parties to the action, and the property in question could be lawfully sold under an execution issued thereon, without the making and filing of a deed from the plaintiff to the defendant.

2. Where an execution specially directing the sale of a particular parcel of land described it in general terms and for a further description referred to certain conveyances and a bond for titles, and a levy was entered upon the execution, the sufficiency and accuracy of which as to description were not contested in

an affidavit of illegality attacking the sufficiency of the description in the execution, it will be presumed, in the absence of evidence to the contrary, that the description in the execution was sufficiently definite to enable the levying officer to locate the property.

3. There was no error in refusing to grant an injunction restraining the collection of the execution which was proceeding for the benefit of the attorneys against the land above indicated.

*Judgment affirmed.*

May 23, 1896. By two Justices. Argued at the last term.

Petition for injunction. Before Judge Janes. Polk county. December 31, 1895.

*W. K. Fielder, J. A. Blance* and *J. A. Noyes*, for plaintiff.